**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

NATALIE J. STEPHENS, on behalf of
R.E.,

*Plaintiff-Appellee,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

*Defendant-Appellant.*

No. 08-1527

---

DONNA WRIGHT, on behalf of
B.W.,

*Plaintiff-Appellee,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

*Defendant-Appellant.*

No. 08-1529

---

DAVID ANDERSON,

*Plaintiff-Appellee,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

*Defendant-Appellant.*

No. 08-1530

HENRY ALLISON,

　　　　　　*Plaintiff-Appellee,*

　　　　　　v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

　　　　　　*Defendant-Appellant.*

No. 08-1531

KARL SHARP,

　　　　　　*Plaintiff-Appellee,*

　　　　　　v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

　　　　　　*Defendant-Appellant.*

No. 08-1532

VIRGIL EVANS,

　　　　　　*Plaintiff-Appellee,*

　　　　　　v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

　　　　　　*Defendant-Appellant.*

No. 08-1533

MARIA CORDOVA,

*Plaintiff-Appellee,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

*Defendant-Appellant.*

No. 08-1565

KIMBERLY CARTER,

*Plaintiff-Appellee,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

*Defendant-Appellant.*

No. 08-1566

DOROTHY MORALES,

*Plaintiff-Appellee,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

*Defendant-Appellant.*

No. 08-1577

PAUL WARD,

   *Plaintiff-Appellee,*

   v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

   *Defendant-Appellant.*

No. 08-1580


CHRISTINE A. LATHAM,

   *Plaintiff-Appellee,*

   v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

   *Defendant-Appellant.*

No. 08-1581


MARSHA WOODLAND,

   *Plaintiff-Appellee,*

   v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

   *Defendant-Appellant.*

No. 08-1582

KIM DOUGLAS,

*Plaintiff-Appellee,*

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

*Defendant-Appellant.*

No. 08-1583

SUZANNE RUBEN-POPKIN,

*Plaintiff-Appellee,*

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

*Defendant-Appellant.*

No. 08-1584

CHERYL BIRDOW,

*Plaintiff-Appellee,*

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

*Defendant-Appellant.*

No. 08-1586

JOHN GAGEL,

*Plaintiff-Appellee,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

*Defendant-Appellant.*

No. 08-1587

DEBORAH LAQUAY,

*Plaintiff-Appellee,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

*Defendant-Appellant.*

No. 08-1588

CRYSTAL LUNDY,

*Plaintiff-Appellee,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

*Defendant-Appellant.*

No. 08-1589

HOPE PARKER,

         *Plaintiff-Appellee,*

         v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

         *Defendant-Appellant.*

No. 08-1590

LLEWELLYN PRATT,

         *Plaintiff-Appellee,*

         v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

         *Defendant-Appellant.*

No. 08-1593

ELAINE OBEE JOHNSON,

         *Plaintiff-Appellee,*

         v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

No. 08-1595

         *Defendant-Appellant.*

CHRISTINA J. WATTS,

        *Plaintiff-Appellee,*

        v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        *Defendant-Appellant.*

No. 08-1596

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Susan K. Gauvey, Magistrate Judge.
(8:05-cv-02574-SKG; 8:06-cv-01163-SKG; 8:06-cv-01311-
SKG; 8:06-cv-02812-SKG; 8:06-cv-02903-SKG; 8:06-cv-
03051-SKG; 8:06-cv-02475-SKG; 1:06-cv-02509-SKG;
8:05-cv-03120-SKG; 8:06-cv-02476-SKG; 8:06-cv-02477-
SKG; 8:06-cv-02506-SKG; 8:06-cv-02507-SKG; 8:06-cv-
02608-SKG; 8:06-cv-02815-SKG; 8:07-cv-00590-SKG;
8:06-cv-03445-SKG; 8:06-cv-02948-SKG; 8:07-cv-00518-
SKG; 8:07-cv-00298-SKG; 8:06-cv-01360-SKG;
8:07-cv-00299-SKG)

Argued: March 26, 2009

Decided: May 7, 2009

Before WILLIAMS, Chief Judge, TRAXLER, Circuit
Judge, and Robert J. CONRAD, Jr., Chief United States
District Judge for the Western District of North Carolina,
sitting by designation.

Vacated and remanded by published opinion. Chief Judge
Williams wrote the opinion, in which Judge Traxler and Judge
Conrad joined.

## COUNSEL

**ARGUED:** Michael Eugene Robinson, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Stephen F. Shea, ELKIND & SHEA, Silver Spring, Maryland, for Appellees. **ON BRIEF:** Gregory G. Katsas, Assistant Attorney General, William Kanter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellant.

## OPINION

WILLIAMS, Chief Judge:

Thirty-four prevailing Social Security benefits claimants petitioned for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C.A. § 2412 (West 2006) ("EAJA"). In response, the Social Security Commissioner, Michael J. Astrue, ("the Commissioner"), agreed that a fee award was proper but argued that the fees should be paid to the claimants themselves and not their attorneys. After consolidating the thirty-four petitions, a federal magistrate judge concluded that attorney's fees awarded to a "prevailing party" under the EAJA are directly payable to the corresponding attorney and gave an additional award of fees to the lead plaintiff for litigating the issue. The Commissioner appeals, and—guided by the plain language of the EAJA—we conclude that attorney's fees are payable directly to each claimant and reverse the magistrate judge's contrary conclusion.

### I.

### A.

Two sources provide for attorney's fees for claimants seeking Social Security benefits. First, the Social Security Act

itself provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2008). Further, the Commissioner may "certify the amount of such fee *for payment to such attorney* out of, and not in addition to, the amount of such past-due benefits." *Id.* (emphasis added).

Second, Social Security benefits claimants can receive a fee award under the EAJA. Congress enacted the EAJA in 1980 in response to concerns that individuals would be deterred from seeking relief from unreasonable government action because of the expenses incurred in pursuing such relief. *See* S. Rep. No. 96-253, at 7 (1979). The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action. . . .

28 U.S.C.A. § 2412(d)(1)(A).

Before awarding attorney's fees, the EAJA requires the "party seeking an award of fees" to "submit to the court an application," which must include "an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed." *Id.* § 2412(d)(1)(B). The EAJA defines "party," as relevant here,

as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." *Id.* § 2412(d)(2)(B).

In 1985, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by enacting a Savings Provision. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The Savings Provision provides:

> Section 206(b) of the Social Security Act . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code . . . . Section 206(b)(2) of the Social Security Act . . . shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act . . . and section 2412(d) of title 28, United States Code . . . , the claimant's attorney refunds to the claimant the amount of the smaller fee.

28 U.S.C.A. § 2412 note (Savings Provisons). Accordingly, while attorney's fees may be awarded under both the EAJA and § 406(b), the Savings Provision clarifies that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks, citations, and alterations omitted).

Since the enactment of the EAJA in 1980, the Commissioner has consistently paid attorney's fees directly to the attorneys, not the claimants. In fact, the Commissioner created a direct deposit system for attorneys and issued I.R.S. 1099 forms directly to the attorneys who received awards, noting the awards as taxable attorney income.

Recently, however, the Commissioner altered this practice and took the position that attorney's fees under the EAJA were the property of prevailing claimants and not their attorneys. This change was driven, in part, by the Debt Collection Improvement Act of 1996. Under 31 U.S.C.A. § 3716(c)(6) (West 2003), the federal government collects debts through the means of administrative offset, thus:

> Any Federal agency that is owed by a person a past due, legally enforceable nontax debt that is over 180 days delinquent . . . shall notify the Secretary of the Treasury of all such nontax debts for purposes of administrative offset under this subsection.

*Id.*

The Debt Collection Improvement Act required the Department of the Treasury, through its Financial Management Service bureau, to create a centralized program for withholding and reducing federal payments pursuant to this administrative offset provision. The program, called the Treasury Offset Program ("TOP"), provides for collection of past-due obligations including child support, state income taxes, and various nontax federal debts. In 2005, the Financial Management Service began the collection of what the Commissioner terms "'miscellaneous' payments, which include payments for attorney's fees pursuant to the EAJA." (Appellant's Br. at 6.) These payments are "eligible for offset" under 31 C.F.R. § 285.5(e)(1), which provides:

> [A]ll Federal payments are eligible for offset under this section. Eligible Federal payments include, but are not limited to, Federal wage, salary, and retirement payments, vendor and expense reimbursement payments, certain benefit payments, travel advances and reimbursements, grants, *fees*, refunds, judgments . . ., tax refunds, and other payments made by Federal Agencies.

31 C.F.R. § 285.5(e)(1) (2008) (emphasis added).

Pursuant to these regulations, however, the TOP may perform an administrative offset only "[w]hen a match occurs, and all other requirements for offset have been met." 31 C.F.R. § 285.5(c)(2). A "match" occurs when "the taxpayer identifying number and name . . . of the payee on a payment record are the same as the taxpayer identifying number and name of the debtor on a delinquent debt record." *Id.* § 285.5(b).

Thus, "fees," including attorney's fees, are a payment eligible to be offset if there is a "match." Under the Commissioner's former policy, because the attorneys were paid their fees directly, there would be no "match" if the claimant that the attorney represented owed a debt to the government. Now, however, the Commissioner takes the position that fees belong to the claimant and not the attorney. Using the TOP, the Commissioner can thus ascertain if the claimant owes a debt to the federal government and, if he or she does, offset the attorney's fee payment to cover that debt.

B.

This case arises from thirty-four attorney's fee petitions filed in the United States District Court for the District of Maryland by individuals who prevailed in their claims for Social Security benefits. After the Commissioner asserted that the fees were payable to the claimants and thus subject to administrative offset, the thirty-four petitions were consolidated and the parties agreed to proceed before a magistrate judge. Following a hearing, the magistrate judge ruled in a thorough written decision on March 13, 2008, that the attorney's fees were payable to the attorney, not the claimants, and thus not subject to administrative offset. In addition, the magistrate judge awarded the lead plaintiff, Natalie Stephens, attorney's fees for litigating the issue. The Commissioner stipulated to payment in twelve of the cases without waiving

its legal position[1] and filed a timely appeal on May 7, 2008. We possess jurisdiction under 28 U.S.C.A. § 1291 (West 2006) and 28 U.S.C.A. § 636(c)(3) (West 2006).

## II.

The Commissioner's appeal raises a question of statutory interpretation, a quintessential question of law, which we review *de novo*. *United States v. Abuagla*, 336 F.3d 277, 278 (4th Cir. 2003). On appeal, the Commissioner argues that attorney's fees under the EAJA, which are available to "prevailing part[ies]," are payable directly to the claimants and not their attorneys. In contrast, Stephens contends that fees under the EAJA are best understood as payable directly to the attorneys themselves. Both sides agree that this issue has engendered a circuit split, with several circuits adopting both positions. *Compare Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) (concluding, in a case involving Social Security benefits, that fees are payable to the claimant, not attorney); *Manning v. Astrue*, 510 F.3d 1246, 1252 (10th Cir. 2007) *cert. denied*, 129 S.Ct. 486 (2008) (same); *FDL Techs. Inc. v. United States*, 967 F.2d 1578, 1581 (Fed. Cir. 1992) (concluding, in a context other than Social Security benefits, that attorney's fees under the EAJA were payable to the party not the attorney), *with Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008) (concluding, in the context of Social Security benefits, that fee award was payable directly to attorney); *King v. Comm'r of Soc. Sec.*, 230 F. App'x 476, 481 (6th Cir. 2007) (unpublished) (same); *Marre v. United States*, 117 F.3d 297, 304 (5th Cir. 1997) (concluding, in a context other than Social Security benefits, that attorney's fees under a statute similar to the EAJA were payable directly to attorney)[2]. In an unpub-

---

[1]In these twelve fee petitions, the claimants had assigned any right to attorney's fees to their attorney. We are not called upon in this case to pass upon the legal effect of such an assignment.

[2]The Government has conceded that this case controls as to the EAJA in the Fifth Circuit.

lished opinion, which the magistrate judge relied upon, we took the position that attorney's fees awarded to the prevailing party under 12 U.S.C.A. § 3417 (West 2001) are the property of the attorney, not the client, and cannot be subject to administrative setoff. *Duncan v. U.S. Dep't of Army*, 887 F.2d 1078, 1989 WL 117742 (4th Cir. 1989) (unpublished table decision).

"When interpreting statutes we start with the plain language." *U.S. Dep't of Labor v. N.C. Growers Ass'n*, 377 F.3d 345, 350 (4th Cir. 2004). "It is well established that when the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms." *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004) (internal quotation marks omitted). In interpreting the plain language of a statute, we give the terms their "ordinary, contemporary, common meaning, absent an indication Congress intended [it] to bear some different import." *North Carolina ex rel. Cooper v. Tenn. Valley Auth.*, 515 F.3d 344, 351 (4th Cir. 2008) (internal quotation marks omitted).

We now conclude, in light of the clear statutory text, that the better answer is that attorney's fees under the EAJA are payable to the claimant, not the attorney, and thus are subject to administrative offset. In reaching this conclusion we begin, and end, with the plain language of § 2412(d)(1)(A), which provides that the fees may be awarded to a "prevailing party."

As the Tenth Circuit explained, "this statutory language clearly provides that the prevailing party, who incurred the attorney's fees, and not that party's attorney, is eligible for an award of attorney's fees." *Manning*, 510 F.3d at 1249-50. The EAJA offers a specific definition of "prevailing party" tied to an individual's, not an attorney's, net worth. *Id.* at 1251. The EAJA also requires the "party," not the "attorney," to submit an itemized statement for any "award of fees and other expenses." 28 U.S.C.A. § 2412(d)(1)(B). Finally, in defining

"fees and other expenses," the EAJA lumps attorney's fees with a variety of other costs, including "the reasonable expenses of expert witnesses, [and] the reasonable cost of any study, analysis, engineering report, test, or project." *Id.* § 2412(d)(2)(A). These provisions clarify that "[t]he EAJA . . . was not enacted for the benefit of counsel to ensure that counsel gets paid." *Manning*, 510 F.3d at 1251; *see also Reeves*, 526 F.3d at 736 (noting "the structure of the statute demonstrates Congress did not intend all service providers to become additional parties to the action for the purpose of asserting their claims for compensation").

Several additional considerations bolster this conclusion. First, Congress has shown that it "knows what language to use to award attorney's fees to an attorney and what language to use when it chooses to award the fees to the prevailing party." *Manning*, 510 F.3d at 1252. While the EAJA provides that fees are to be provided to the "prevailing party," § 406(b) of the Social Security Act specifically authorizes payment of attorney's fees to "such attorney." Congress's continued use of different language is particularly telling because Congress has specifically acted to harmonize the EAJA with the Social Security Act through the Savings Provision but "has not substantially amended § 406(b) since enacting the EAJA." *Id.*

In addition, it is "settled law that the attorney does not have standing to apply for the EAJA fees; that right belongs to the prevailing party." *Id. See, e.g.*, *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-11 (11th Cir. 1988); *Oguachuba v. INS*, 706 F.2d 93, 97-98 (2d Cir. 1983). While the question of who has the right to apply for an attorney's fee does not necessarily answer the question we face, it is nonetheless persuasive because the provision of the EAJA covering an application for attorney's fees, like the provision at issue here, grants the right to apply for fees to a "party" that submits an application and confirms that they are a "prevailing party." 28 U.S.C.A. § 2412(d)(1)(B).

Finally, our reading of the EAJA is consistent with the Supreme Court's interpretation of 42 U.S.C.A. § 1988(b) (West 2003), which awards attorney's fees to "prevailing part-[ies]" in certain civil rights cases.[3] Although never directly confronted with the question presented here, the Court has repeatedly indicated that fees under § 1988 run to the party, not the attorney. *See Venegas v. Mitchell*, 495 U.S. 82, 87 (1990) ("Section 1988 makes the prevailing *party* eligible for a discretionary award of attorney's fees."). As the Court explained in *Evans v. Jeff D.*, 475 U.S. 717 (1986), "while it is undoubtedly true that Congress expected fee shifting to attract competent counsel to represent citizens deprived of their civil rights, *it neither bestowed fee awards upon attorneys* nor rendered them nonwaivable or nonnegotiable." *Id.* at 731-32 (emphasis added).

Accordingly, we conclude that the plain language of the EAJA provides that attorney's fees are payable to the prevailing party—in this case the Social Security claimants—and not the attorney.

## III.

Stephens resists this conclusion by contending that the statutory language is not as plain as we would make it, and that common sense and public policy require a different result. We disagree.

First, Stephens points to the Savings Provision, which requires an attorney who receives fees under both the EAJA and the Social Security Act to reimburse the claimant the smaller fee award. This provision, Stephens argues, shows that Congress viewed fee awards under the EAJA as belong-

---

[3]The Supreme Court has counseled that the various fee-shifting statutes using the term "prevailing party" should be interpreted consistently. *See Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602-03 & n.4 (2001).

ing to the attorney. The Savings Provision, however, "by its own terms, only comes into play after the attorney actually *receives* double fees." *Reeves*, 526 F.3d at 737. It does not presuppose that attorney's fees under the EAJA are directly payable to the attorney, but merely rests on the "uncontroversial proposition that Congress anticipated attorneys will often be the ultimate beneficiaries of the attorney's fees awarded under the EAJA." *Id.*

Next, Stephens contends that the Commissioner's position runs afoul of Congress's purpose in enacting the EAJA because attorneys will no longer take these cases if they know any fee awards may be offset against other debts.[4] On this point, we agree with the Eleventh Circuit that:

> While we acknowledge there is a risk that individuals who owe debts subject to offset by the government may ultimately have a more difficult time paying the bill for litigation, we cannot use Congress's general statements of findings and purpose to override the plain meaning of specific provisions of the Act.

*Reeves*, 526 F.3d at 737.

Finally, Stephens contends that the Commissioner's position overlooks that attorneys are the real party in interest for the award of attorney's fees. Stephens's argument on this point is a call to common sense—that is, "the prevailing party is only nominally the person who receives the award; the real party in interest vis-a-vis attorneys' fees awarded under the statute are the attorneys themselves." *Marre*, 117 F.3d at 304. *See also King*, 230 F. App'x at 481 (noting "an attorney can-

---

[4]At oral argument, counsel for Stephens, who represented all thirty-four of the claimants in this case, stated that he already had declined representation for several Social Security claimants who would have been subject to an administrative offset.

not bring an independent action for attorney's fees," but, that "fees awarded under the EAJA are payable to the attorney; they are awarded for the benefit of the party, but the money is not the party's to keep.").

We appreciate that, at first blush, "it seems counter intuitive to hold that an award of attorney's fees does not go to the attorney, especially since the EAJA fees are calculated based on the time spent by the attorney and based on the attorney's hourly rate." *Manning*, 510 F.3d at 1255; *see also Reeves*, 526 F.3d at 738 (noting that plaintiff "may well be right" that holding fees are payable to party is bad public policy but that "policy decisions are properly left to Congress, not the courts"). Unfortunately for Stephens, however, "[the Supreme Court] ha[s] stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-254 (1992) (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)) (citations omitted).

And, Congress may well have had reason for awarding fees directly to the prevailing party and not the attorney. As noted, "attorney's fees" are lumped together with a variety of "fees and other expenses" under the EAJA. Presumably, if attorney's fees are directly payable to the attorneys, so are these other fees. Congress could rightly have desired to avoid such a result, which would leave a court ordering payments to a variety of parties and individuals in every case involving the EAJA. We also note that Stephens's real problem lies with the Debt Collection Improvement Act, not the EAJA. Prior to the implementation of that statute, our answer to the question posed in this case would have had no real practical impact.

In sum, Stephens asks us to "improve the statute—to amend it, really." *Sigmon Coal Co. v. Apfel*, 226 F.3d 291, 308 (4th Cir. 2000), *aff'd sub. nom. Barnhart v. Sigmon Coal*

*Co.*, 534 U.S. 438 (2002). We cannot do that, however, "without trespassing on a function reserved for the legislative branch." *Id.* Thus, while we may be sympathetic to the concerns raised by Stephens, sympathy does not permit us to ignore the plain language of the statute.

## IV.

Attorney's fees under the EAJA are awarded to the "prevailing party," not the attorney. Accordingly, we must vacate the magistrate judge's awards to the attorney and remand the case. We likewise vacate the additional fee award to Stephens for litigating this issue below. *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (holding that "to qualify as a prevailing party, a . . . plaintiff must obtain at least some relief on the merits of his claim").

*VACATED AND REMANDED*