**Patrice DRAPER, etc., Plaintiff**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**Case No. 3:11CV2287.**

United States District Court, N.D. Ohio, Western Division.

March 15, 2013.

Kirk B. Roose, Roose & Ressler, Lorain, OH, for Plaintiff.

Kathleen L. Midian, Assistant United States Attorney, United States Courthouse, Cleveland, OH, for Defendant.

**ORDER**

JAMES G. CARR, Senior District Judge.

This is a social security disability case in which the Magistrate Judge recommended, and I approved, remand on behalf of a nine-year-old girl afflicted with multiple impairments. (Doc. 17). Pending is plaintiff's application for an award of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. 21).

---

The Commissioner does not challenge the entitlement to an EAJA award; his only quarrel is with the hourly rate of $189.50 that counsel has requested. Instead of that amount, the Commissioner argues, I should award the statutory cap of $125, which has remained unaltered since 1996. This is so, the Commissioner contends, because: (1) plaintiff has failed to prove that 2011 dollars do not have the same purchasing power as 1996 dollars; and (2) several other judges, including some in this District, have accepted that contention.

In a decision in *Elson v. Commissioner,* No. 3:11CV183 (N.D.Ohio Aug. 27, 2012) (Doc. 22), I considered and rejected the same arguments that the Commissioner makes here again. I reject those arguments in light of the evidence of record, for the reasons I stated in *Elson,* which I attach hereto and incorporate herein, and for the additional reasons I state here.

In plaintiff's reply brief, counsel submits additional exhibits in support of his claim that he should receive $189.50 as an hourly rate. The Commissioner anticipated such filing in his response, arguing that I should not accept any additional materials beyond those submitted with the original application. In the Commissioner's view, plaintiff waived any right to submit additional materials not included with her original EAJA brief.

I disagree for two reasons.

First, plaintiff was entitled to rely on my *Elson* award of nearly the same amount to the same law firm in another social security disability case. It was reasonable for him to rely on that case and the materials that I had already found entirely persuasive.

Second, the new materials respond directly to the contentions in the Commissioner's brief that plaintiff's counsel had not shown that inflation, and concurrently, hourly rates, had increased since 1996.

To reply to the contentions in a response is the purpose of a reply brief. While, in light of the precedent I established in *Elson,* additional materials are not essential to my decision here, they add force to my reasons for finding that plaintiff's counsel is entitled to compensation in excess of the 1996 statutory cap.

The *Elson* materials included a 2010 nation-wide study of law firm economics. That study showed, *inter alia,* that the national consumer price index, with a 1985 basis, increased from 150 to 210 between 1986 and 2010, and lawyers' expenses increased to a similar extent, while *billing rates* increased overall nationally from 150 to 300. In the general region of which Ohio is a part, rates rose from $225 to $325 an hour, and for small firms (two to eight lawyers) nationally from $200 to $300 an hour. (*Elson, supra,* Doc. 23–1, at pp. 124–258).

The Commissioner complains that these figures are *en gross,* and not specific to the Cleveland area, where counsel bases his practice. The Commissioner offers, however, no *evidence* to suggest that lawyers in Cleveland have been exempt from these trends, much less *evidence* showing that such exemption has been so great as to justify an award at the 1996 basis. Plaintiff, having put that data in issue in *Elson* (and here as well, through incorporation of *Elson* in this case), the burden of going forward with contrary *proof* was on the Commissioner.

He did not meet that burden in *Elson* and has not met that burden here. Moreover, as the newly attached exhibits show, the Commissioner could not meet that burden, even if he had tried.

Among the new exhibits are statements that the prevailing hourly rates for Cleve-

land-area social security disability lawyers of similar skill and experience as plaintiff's counsel are statements that the hourly rate would not be less than $200 (Doc. 23–3 ¶ 13) or $175–200 (*Id.* 23–4 ¶ 10). The exhibits also indicate that where other attorneys have sought the $125 cap rate, they have done so as a matter of expediency, not because they believe that amount reflects the prevailing hourly rate among their colleagues. (*Id.*, 23–5 ¶ 4; 23–6 ¶ 7).

The new exhibits also include a study by the Ohio State Bar Association. That study, which was of rates during 2010, found the state wide profile of firms of three to six persons was:[1] mean, $210; twenty-fifth percentile, $175; median, $198; seventy-fifth percentile, $250; ninety-fifth percentile, $330. (Doc. 23–7 at 23). The figures for Greater Cleveland area attorneys were: mean, $239 ($29 greater than statewide); twenty-fifth percentile, 175 ($15 greater); median, $210 ($22); seventy-fifth percentile, $300 ($75); and ninety-fifth percentile, $415 ($115).

These figures persuasively answer the Commissioner's complaint about lack of focus of the data from the Consumer Price Index. While I can accept that plaintiff's counsel are not within the ninety-fifth, or even the seventy-fifth percentile of hourly rates, the requested rate of $189.50 is less than the median rate for Cleveland ($210), and only slightly more than the state-wide median of $175.

I find, accordingly, that the requested rate of $189.50 is justified in light of counsel's skill and experience, and well within the prevailing norm for others practicing in the same area of the law and region of the state and country.

Nonetheless, the Commissioner urges me to adopt the more restrictive view taken by some of my colleagues, and, thus ignore the data plaintiff's counsel has provided and, in effect, abandon my ruling in *Elson.* I decline to do so: indeed, that decision, and now this, stand, until the Sixth Circuit tells me otherwise, as precedent that I anticipate following in similar cases in the future.

Finally, with regard to the Commissioner's challenge to awarding $200 to plaintiff for the services of her attorney's appellate assistant, I overrule that challenge for the reasons stated in *Elson.*

## Conclusion

I must admit that I am troubled by the Commissioner's efforts, apparently of fairly recent vintage, to seek to enforce the 1996 statutory cap, and the willingness of some of my colleagues on this court and elsewhere to accept the Commissioner's arguments.

In terms of their crucial importance to the plaintiffs, social security cases are among the most important, if not the most important cases on my civil docket. Given the state of the economy in this region and the impaired condition of social security plaintiffs, the simple truth is that few have any reasonable likelihood of ever again securing lawful gainful employment.

Nonetheless, the burden that social security plaintiffs must bear in this court following denial of their application is high, and one which I regularly and fairly rigidly enforce. The frequency of reversals and remands, which is relatively low, attests to that fact.

Contrary to the Commissioner's suggestion, those attorneys who routinely handle social security appeals—including capable counsel in this case—are *de facto* special-

---

[1]. According to the plaintiff's firm's website, it presently has four attorneys. Http://www.theohiodisabilitylawyers.com/about/. The firm's principal office is in Lorain, Ohio, in the Greater Cleveland area. The firm also has offices in Mansfield, Oberlin, Toledo, and Wooster, Ohio.

ists. Like all other specialists, whether in the law or any other profession, they should be compensated fairly and reasonably for their expertise and success. To insist, as the Commissioner does here and did in *Elson,* on enforcement of a statutory cap that no thoughtful person can today accept as reasonable, ignores the contribution that these skilled specialists make. They make that contribution not only to the well-being of their clients when they prevail, they make it even when they do not. They do so by guarding against arbitrary agency decisions.

When the agency, as it did in this case, acts in an arbitrary manner, EAJA entitles prevailing counsel to fees, in part, as a sanction for the agency's misconduct. If that sanction is to serve its deterrent purpose, courts should resist ill-supported demands to apply an unreasonable statutory cap.

In any event, for the reasons stated herein, and previously stated in *Elson,* it is hereby

ORDERED THAT:

1. Plaintiff's motion for an award of attorneys' fees and costs (Doc. 21) be, and the same hereby is, granted as requested; and

2. Plaintiff's counsel shall submit a final order stating the amount due and owing, which shall include compensation for the hours expended, at the requested hourly rate, litigating his application for fees and costs.

So ordered.

### ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF OHIO

### WESTERN DIVISION

Richard Elson, Plaintiff

v.

Commissioner of Social Security, Defendant

Case No. 3:11–cv–183

### ORDER

Pending is a motion for attorney's fees the plaintiff Richard Elson incurred while appealing an Administrative Law Judge's order denying Social Security Disability (SSD) payments from the Social Security Administration (SSA). (Doc. 19). Plaintiff brings his claim under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). He seeks recovery of $6,131.48 in attorney's fees and $35.00 in expenses.

Jurisdiction is proper under 28 U.S.C. § 1331.

The SSA does not dispute that Elson is entitled to recovery of attorney's fees, only that the calculation used to determine the appropriate amount is incorrect. As such, the SSA contends that Elson's claim is excessive and I should reduce the award to the statutory limit. For the reasons stated below, I grant the plaintiff's motion.

### Background

In December, 2010, the Social Security Administration's Appeals Council denied plaintiff's application for SSD benefits. He appealed the Appeals Council's decision to this court. On the basis of Magistrate Judge Vernelis K. Armstrong's Report and Recommendation, I granted Elson's appeal and awarded SSD benefits. Following that order, plaintiff filed the pending motion.

### Discussion

The EAJA directs courts to award fees and expenses to parties who prevail

against the United States in litigation if, among other conditions, the government's position was not "substantially justified." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 155, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Congress, concerned that people would be reluctant to pursue litigation against the government, implemented the EAJA to defray or eliminate costs of fighting unreasonable governmental action. *Sullivan v. Hudson*, 490 U.S. 877, 883, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989).

Defendant argues plaintiff's requested hourly rate is excessive and not permissible by law. Defendant also argues that work performed by the legal secretary is not compensable under the EAJA, plaintiff improperly categorizes his expenses, some expenses were unnecessary, and this court should not award fees directly to counsel, but to the plaintiff for later distribution to counsel. (Doc. 20 at 3–7). I address each objection in turn.

### 1. Attorney's Hourly Rate

The EAJA states: "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)" 28 U.S.C. § 2412(d)(2)(A)(ii).

Elson requests attorney's fees at $180.59 per hour. (Doc. 19 at 3). He argues the increased cost of living since Congress last amended the EAJA in 1996 justifies a higher hourly rate. (Doc. 19–4).[2]

The SSA contends that Elson has failed to show how this increased rate is reasonable. (Doc. 20 at 2). The SSA argues that Elson is relying solely on the Consumer Price Index (CPI) to justify a cost of living increase; defendant says the Sixth Circuit has found such a showing insufficient. *Bryant v. Comm'r of Social Security*, 578 F.3d 443, 450 (6th Cir.2009). Defendant cites *Mathews–Sheets v. Astrue*, 653 F.3d 560 (7th Cir.2011), to support the argument that plaintiff must do more than simply cite to the CPI to justify an increase in the statutory maximum. (Doc. 20 at 4).

Defendant's interpretation of *Bryant* is incorrect. *Bryant* held that a judge is within his discretion to find that a plaintiff's reference to the CPI is insufficient to justify an increase in attorney's fees. *Bryant, supra*, 578 F.3d at 450. There, the Sixth Circuit was evaluating the Eastern District of Kentucky's rejection of plaintiff's request to increase the hourly rate, on an abuse of discretion standard, not *de novo*. *Id.* at 445 ("whether the Plaintiffs were entitled to an increase in the hourly attorney-fee rate is reviewed for abuse of discretion"). The court did not rule that as a matter of law that a judge's reliance on CPI is an abuse of discretion. Rather, the court merely stated that the district judge did not abuse his discretion by rejecting an increase under those circumstances. *Id.* The Sixth Circuit has placed inflationary increases within district court's discretion. *Chipman v. Secretary of HHS*, 781 F.2d 545, 547 (6th Cir.1986).

Notwithstanding this analysis, Elson has made more than a passing reference to cost of living increases: he has shown that "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11,

---

**2.** Using the Consumer Price Index, plaintiff calculates the cost of living has increased 144.47% since March 1996. (Doc. 19–4).

Multiplying the EAJA cap of $125 per hour times the cost of living increase results in the plaintiff's requested rate of $180.59 per hour.

104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Plaintiff has attached several documents showing, *inter alia,* increased hourly billing rates for attorneys of comparable experience and increased firm expenses per attorney. (Doc. 21–1 at 9), (Doc. 21–1 at 11), (Doc. 21–1 at 15), (Doc. 21–2 at 3).

Plaintiff's showing more than justifies an increase of the hourly rate due to increases in the cost-of-living since 1996. While defendant disputes which CPI figure to use, I find that the plaintiff's use of the national CPI figure is unquestionably reasonable.[3] Therefore, I will use his rate of $180.59 per hour to calculate the fee award.

Finally, plaintiff has made a supplemental application for attorney's fees incurred researching and preparing the reply brief. I find the application reasonable and consistent with precedent; thus I grant plaintiff's supplemental motion. *See Comm'r, I.N.S., supra,* 496 U.S. at 162–66, 110 S.Ct. 2316 (holding that Congress intended the EAJA to cover the cost of all phases of litigation, including attorney's fee disputes).

### 2.  Other Objections

Defendant next contends EAJA does not allow compensation for work by a legal secretary, (Doc. 20 at 6). As defendant points out, a party may not recover overhead costs under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., which is a to a fee-shifting statute. The EAJA is not so limited and overhead costs are, to some extent, at least available under the

EAJA. *Kling v. Sec'y of Dept. of Health & Human Services of U.S.,* 790 F.Supp. 145, 152 (N.D.Ohio 1992) (fee award included work by legal secretary).

Defendant objects to the classification plaintiff seeks to recover for expenses incurred in the course of the litigation, and suggests that they are without merit. These "expenses of attorneys" are specifically excluded from 28 U.S.C. § 2412(a)(1) and thus fall under § 2412(d)(2)(A), which is entitled "fees and other expenses."[4] The requested expenses, further, are entirely reasonable.

Finally, there is no dispute that EAJA fees should be paid to the prevailing party, Richard Elson.

### Conclusion

Plaintiff's request for fees is wholly reasonable and I grant the request in full for $6,166.48.

It is, therefore

ORDERED THAT:

Elson's motion for attorney's fees (Doc. 19) be and the same hereby is granted.

So ordered.

---

**3.**  Plaintiff relies on the nation CPI figure, termed the CPI–U, while the defendant argues the Midwest CPI figure is proper. Because the statutory rate is fixed for all areas of the nation, logic dictates that I use the national CPI figure to maintain the uniformity Congress intended. My colleagues have likewise used the national figures in recent decisions.

*See Woods v. Astrue,* 2012 WL 529820 at *4 (N.D.Ohio).

**4.**  While such expenses of attorneys are not specifically enumerated in the text, the list is not inclusive and copies for editing and client use are consistent with other expenses provided in that section.