RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0144p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

CHERYL LYNN MINOR,

          *Plaintiff-Appellant,*

    *v.*

COMMISSIONER OF SOCIAL SECURITY,

          *Defendant-Appellee*.

No. 15-1054

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:10-cv-00782—Janet T. Neff, District Judge.

Argued: January 27, 2016

Decided and Filed: June 21, 2016

Before: GILMAN, WHITE, and STRANCH, Circuit Judges.

_____

## COUNSEL

_____

**ARGUED:** Ronald D. Glotta, GLOTTA & ASSOCIATES, P.C., Detroit, Michigan, for Appellant. Meghan O'Callaghan, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee. **ON BRIEF:** Ronald D. Glotta, GLOTTA & ASSOCIATES, P.C., Detroit, Michigan, for Appellant. Niranjan S. Emani, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee.

_____

## OPINION

_____

JANE B. STRANCH, Circuit Judge. Cheryl Minor suffers from multiple physical and mental impairments, including migraine headaches, injuries from a serious car accident, fibromyalgia, and depression. Minor previously appealed the Social Security Commissioner's

1

decision to deny her disability claims, and a panel of this court remanded with instructions to award benefits. *See Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417 (6th Cir. Jan. 24, 2013) (*Minor I*). The question in this appeal boils down to whether the government must reimburse Minor for her attorney fees under the provisions of the Equal Access to Justice Act (EAJA). Specifically, the issue is whether the district court abused its discretion in calculating fees under the EAJA by substantially reducing the requested hourly rate and number of hours. Because the district court provided little explanation for drastically reducing the requested EAJA fee award, we **VACATE** and **REMAND** with instructions for the district court to reconsider and provide a full explanation of its reasoning.

## I.  LEGAL LANDSCAPE

We begin with a brief overview of federal law governing attorney fees in Social Security benefits litigation. Fees for court representation may be awarded under section 406(b) of the Social Security Act and/or under the Equal Access to Justice Act (EAJA). This is in part because of the way Congress structured each statute's fee provisions—while fees awarded under 42 U.S.C. § 406(b) are deducted from a claimant's award of past-due Social Security benefits, the United States must pay fees awarded under the EAJA out of government funds. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). In other words, Social Security claimants pay section 406(b) fees out of their benefits—benefit payments that would otherwise go into their own pockets—whereas the government must pay EAJA fees independent of the benefits award. Congress thus harmonized the two options for payment of fees covering the same work: "[A]n EAJA award offsets an award under Section 406(b) . . . up to the point that the claimant receives 100 percent of the past-due benefits." *Id.* at 796 (citation omitted).

The purpose of the EAJA is to remove financial obstacles to challenging unreasonable government action. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445–46 (6th Cir. 2009). The EAJA provision for fees specifies that "a court shall award" attorney fees and other expenses to a prevailing party, including a Social Security claimant, in civil litigation against the United States government, "unless the court finds that the position of the United States was substantially justified or that special circumstances

make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht*, 535 U.S. at 796 (quoting *id.*); *Bryant*, 578 F.3d at 445.

Once a court makes the threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award. *See Jean*, 496 U.S. at 160–61 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983)); *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007). The lodestar—used to calculate attorney fees under a variety of different statutes—"is the product of the number of hours billed and a reasonable hourly rate." *Gonter*, 510 F.3d at 616 (citing *Hensley*, 461 U.S. at 434); *see also* 28 U.S.C. § 2412(d)(1)(B) (authorizing EAJA fee awards based on "the actual time expended and the rate at which fees and other expenses were computed"). The EAJA imposes a statutory cap of "$125 per hour" on the rate used to calculate the lodestar "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant*, 578 F.3d at 450.

In the instant case, the issue is essentially whether the government must reimburse Minor for some or all of the section 406(b) attorney fees to be deducted from her benefit award.[1]

## II. BACKGROUND

The merits of Minor's benefits claims—and the corresponding facts, which a prior opinion described at length, *see Minor I*, 513 F. App'x at 418–32—are not at issue in this litigation. Consequently, we focus only on the circumstances and procedural history surrounding the contested fee award. *See Jean*, 496 U.S. at 156 ("Because the question for decision is so narrow . . .[,] it is not necessary to restate the protracted history of this vigorously contested litigation.").

Minor filed the instant motion for EAJA attorney fees on April 2, 2013, seeking to offset the attorney fees that were eventually paid out of her benefits. Minor asserted that she was eligible for fees under the EAJA—*i.e.*, that she was the prevailing party and that the

---

[1]The district court granted Minor's motion for attorney fees under 42 U.S.C. § 406(b) and awarded her counsel $35,323.25 (or 25% of Minor's past-due benefits, from which the 406(b) fee award is taken).

government's position was not substantially justified. She requested a total of $30,975.05 in fees for 176.85 hours of work performed by two attorneys from 2010 to 2013 at hourly rates ranging from $175.06 to $184.32. She also requested $712.16 in costs. Minor attached several supporting documents to her motion, including a personal affidavit, affidavits from both of her attorneys, a Michigan State Bar Association report on attorney billing rates for 2010, and what appears to be a printout from a website maintained by the Ninth Circuit Court of Appeals regarding hourly rates for EAJA attorney fees adjusted to include cost-of-living increases in recent years. The government opposed Minor's motion for EAJA fees. It argued that she had failed to justify an hourly rate over $125 and that the claimed number of hours was unreasonable, but the government did not dispute that Minor was eligible for a fee award under the EAJA.

The district court referred Minor's EAJA fee motion to a magistrate judge, who issued a report and recommendation (R&R) suggesting that the court grant in part and deny in part Minor's motion. Specifically, the magistrate judge recommended awarding $8,080.00 in EAJA fees based on a $125 hourly rate for 61 hours of attorney work plus $455.00 in costs. Minor filed an objection, but the district court denied it and instead adopted the R&R, awarding Minor EAJA fees in the amount of $8,080.00. Minor timely appealed the district court's EAJA fee award. The court later granted Minor's separate motion for attorney fees under 42 U.S.C. § 406(b) and awarded $35,323.25 in fees payable out of her benefits award. Neither side appealed the court's section 406(b) award, and that award is not before this panel.

## III. STANDARD OF REVIEW

This panel reviews a district court's award or denial of EAJA attorney fees for an abuse of discretion. *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 497 (6th Cir. 2014); *see also Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 348–49 (6th Cir. 2000). Under our circuit precedent, "[a] district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard[,]" and a panel will find such an abuse of discretion when it "is firmly convinced that a mistake has been made[.]" *Glenn*, 763 F.3d at 497 (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

## IV. ANALYSIS

The government has not contested Minor's eligibility for an EAJA fee award—meaning there is no dispute that Minor was the prevailing party or that the government's litigating position lacked substantial justification. The only question before this panel is whether the district court abused its discretion in calculating the lodestar with respect to determining the applicable hourly rate and the number of attorney hours reasonably expended in this case. A "district court's calculation of the lodestar value . . . deserves substantial deference, but only when the court provides a 'clear and concise explanation of its reasons for the fee award.'" *Gonter*, 510 F.3d at 616 (quoting *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)). Put another way, "[a]lthough the trial court's discretion in fee award cases sweeps broadly, it is not absolute. Among other things, the district court 'must provide a clear and concise explanation of its reasons for the fee award.'" *Adcock-Ladd*, 227 F.3d at 349 (quoting *Hadix*, 65 F.3d at 535). Accordingly, "we have found an abuse of discretion where a district court fails to explain its reasoning adequately or to consider the competing arguments of the parties." *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 643 (6th Cir. 2009) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)). "Failure to provide such an explanation requires us to remand the case for further consideration." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997); *see also Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 639 (6th Cir. 2013).

### A. Hourly Rate

With respect to the appropriate hourly rate, the R&R concluded—among other things—that the Michigan State Bar report on attorney billing that Minor submitted with her motion for EAJA fees did not adequately support her request for a fee rate greater than the statutory cap of $125 per hour. Our circuit, however, has previously accepted state bar reports as evidence of reasonable hourly attorney rates. *See Gonter*, 510 F.3d at 619 (discussing *Auto All. Int'l, Inc. v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. Nov. 23, 2005)). And the state bar report submitted in this case breaks down Michigan attorneys' rates in a number of detailed ways, such as by "Office Location" (R. 41-5, PageID 1226), "Primary County of Practice" (*id.* at PageID 1229–30), and "Field of Practice" (*id.* at PageID 1227–28). A chart of hourly rates organized by

field even includes information about rates for Michigan attorneys who practice "Public Benefits" law (*id.* at PageID 1228), a field that appears to encompass the work of Minor's counsel. According to the report, public-benefits attorneys practicing in Michigan in 2010 had a median hourly billing rate of $200. (*Id.*)

The R&R's stated reason for rejecting the state bar report—reasoning that the district court adopted—was that the "report fails to advance counsel's position as it simply does not speak to counsel's particular circumstances." (R. 45, PageID 1240.) Neither the magistrate judge nor the district court elaborated on the particular nature of those perceived circumstances or offered any further explanation for the detailed report's purported inadequacy. We have previously held, and reiterate now, that "[i]t is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination" because "[u]nless such an explanation is given, adequate appellate review is not feasible[.]" *Binta B.*, 710 F.3d at 639 (first alteration in original) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010)). The explanation for disregarding the state bar report is not reasonably specific, particularly in light of our previous approval of "a district court's use of a state bar survey in determining a reasonable rate for compensating attorneys." *Gonter*, 510 F.3d at 619. We therefore remand for reconsideration and for clear and concise explanation on this point. *See U.S. Structures, Inc.*, 130 F.3d at 1193; *see also Garner*, 554 F.3d at 643.

**B. Number of Hours**

The magistrate judge reviewed the various time entries that Minor's counsel submitted in support of the EAJA fee request and concluded that only 61 of the 176.85 claimed hours were reasonably expended, thereby recommending a greater than 65% reduction in the number of hours used to calculate the lodestar. In recommending such a drastic overall reduction, the magistrate judge gave no explanation other than that a claimed number of hours for a particular task was "simply not reasonable" (R. 45, PageID 1242), "not reasonable" (*id.* at PageID 1243), or "unreasonable" (*id.* at PageID 1244), and suggested an alternative number of hours without explaining why the rejected hours were not reasonable or why the recommended hours were. In a number of instances the nature of the task provides some limited insight into the reason for rejecting the reasonableness of the hours claimed. But even if that were sufficient, the

alternative number of hours suggested are not reasonable on their face and require further explanation. For example, the R&R suggested the following as reasonable amounts of time in which to complete each named task: 30 minutes to prepare the complaint, accompanying exhibits, and a motion to proceed *in forma pauperis* (*id.* at PageID 1241); 30 minutes to review 11 different orders, letters, and motions, which is less than 3 minutes per document (*id.* at PageID 1241–42); 45 minutes to review a 900-page administrative-hearing transcript (*id.* at PageID 1242); 15 minutes to review defendant's answer (*id.* at PageID 1243); and 30 minutes to review and/or prepare 9 separate orders, letters, and motions, which is less than 4 minutes per document (*id.* at PageID 1247).

"When the issue is a question of the lawyer's judgment in billing for a particular number of hours on a piece of work, we must depend in larger measure on the fairness of the District Court in assessing the needs of the case." *Gonter*, 510 F.3d at 620 (quoting *Coulter v. Tennessee*, 805 F.2d 146, 152 (6th Cir. 1986)). That said, the district court must still explain its reasoning in a way that permits adequate appellate review. *See id.* at 616 ("The district court's calculation of the lodestar value . . . deserves substantial deference, but only when the court provides 'a clear and concise explanation of its reasons for the fee award.'" (quoting *Hadix*, 65 F.3d at 535)); *see also Hensley*, 461 U.S. at 437 ("It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award.")

The reductions adopted by the district court require more justification than was given. *See Ohio Right to Life Soc., Inc. v. Ohio Elections Comm'n*, 590 F. App'x 597, 604 (6th Cir. 2014) (vacating and remanding fee award where "[n]either the report and recommendation nor the district court's order provides a sufficient basis for a reduction of [such] magnitude"); *see also Binta B.*, 710 F.3d at 640 (vacating and remanding fee award and finding court's "brief characterization" of reasons for reducing fee award "insufficient" based on the case's long history and other factors). Such explanation may, of course, be concise but it must be sufficiently specific to provide a clear picture of the reasoning supporting such minimal suggested hours.

**CONCLUSION**

For the foregoing reasons, we **VACATE** and **REMAND** with instructions for the district court to reconsider the EAJA fee award and to provide clear and reasonably specific explanations of its reasoning with respect to determining reasonable hourly rates for Minor's attorneys and the hours that they reasonably expended on Minor's behalf in this case.