NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0140n.06

No. 15-2002

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ANGELA CAVINESS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| COMMISSIONER OF SOCIAL SECURITY, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: BATCHELDER, ROGERS, and WHITE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The issue before us in this case is whether the district court abused its discretion when it declined to award an attorney fee rate that exceeded the statutory maximum established by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the following reasons, we affirm the district court's ruling that the EAJA does not provide an automatic cost-of-living adjustment, but we vacate the district court's award of attorney fees at the rate of $125 per hour and remand for further proceedings.

**I.**

Plaintiff Angela Leigh Caviness initiated the underlying action in this appeal against Defendant Carolyn W. Colvin, the acting Commissioner of Social Security, seeking to have the district court review the Social Security Administration's denial of her disability benefits. Defendant filed a stipulation, asking the district court to remand the case to the Administration

for further hearings and enter judgment in favor of Caviness. The district court then filed an order remanding the case pursuant to the stipulation and entered judgment for Caviness.

Caviness then petitioned the court on behalf of her attorney, Howard D. Olinsky, to award attorney fees, pursuant to the EAJA, which permits "a judgment for costs . . . to the prevailing party in any civil action brought by or against . . . any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(a)(1). The EAJA sets a maximum attorney fee rate of $125 per hour, but gives district courts the authority to award fees at a higher rate if "an increase in the cost of living . . . justifies a higher fee." *Id.* § 2412(d)(2)(A)(ii).

Relying on the cost-of-living provision, Caviness requested a rate of $185.01 per hour for 39 hours of work, plus an award of costs of $15.39 for service of her summons and complaint, for a total request of $7,230.78. Caviness arrived at the $185.01 per hour rate by applying the rate of inflation for Midwest urban areas since 1996[1] according to the Consumer Price Index ("CPI") published by the Bureau of Labor Statistics. Caviness supported her motion for attorney fees with an affidavit by Olinsky regarding his qualifications for attorney fees under the EAJA and an itemization of Olinsky's billable hours spent on the case. The government opposed Caviness's request, arguing that the CPI alone could not justify a rate above $125 per hour because "[i]nflation affects different markets, and different costs in the same market, in different ways." In response, Caviness cited a State Bar of Michigan report that includes a breakdown of attorney billing rates by region, experience level, and practice area, and argued that the report shows that a rate of $185.01 is reasonable given Olinksy's experience and the rates charged by similar practitioners in Michigan.

As required under the EAJA, the district court found that Caviness fulfilled all of the law's requirements to be awarded attorney fees: her net worth did not exceed $2,000,000, the

---

[1] The EAJA statutory cap has not been amended since Congress enacted the law in 1996.

United States' position in the underlying litigation was not substantially justified, and there was a final judgment. However, the district court found that an attorney fee rate exceeding the statutory maximum was not justified in this case. The district court awarded Plaintiff $4,875.00, for 39 hours of work at $125 per hour, plus $15.39 for service of the summons and complaint, for a total of $4,890.39 in fees and costs. This timely appeal followed.

## II.

We review for an abuse of discretion a district court's decision on an application under the EAJA, including the district court's determination of whether a request for fees is reasonable. *Clark v. Comm'r of Soc. Sec.*, __ F.3d __, No. 16-5393, 2016 WL 6958640, at *3 (6th Cir. Nov. 29, 2016) (citing *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009)). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Bryant*, 578 F.3d at 445 (quoting *Déjà Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001)). A district court also abuses its discretion when it "fails to explain its reasoning adequately or to consider the competing arguments of the parties." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 883 (6th Cir. 2016) (quoting *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 643 (6th Cir. 2009)). Under the abuse-of-discretion standard, a reviewing court will reverse if it is "firmly convinced that a mistake has been made," *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 497 (6th Cir. 2014) (citations omitted), or when the district court fails to provide an explanation for its decision. *Minor*, 826 F.3d at 883 (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997)).

The EAJA caps the hourly rate for attorney fees at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability

of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The rate of $125 per hour is "a ceiling and not a floor." *Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986), and any decision to award an attorney fee rate above the $125 cap is within "the sound discretion of the district court," *Begley v. Sec'y of Health and Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). When requesting an increase in the hourly fee rate above the statutory cap, a plaintiff "bear[s] the burden of producing appropriate evidence to support the requested increase." *Minor*, 826 F.3d at 881 (quoting *Bryant*, 578 F.3d at 450).

Citing out-of-circuit cases, Caviness argues that Congress intended cost-of-living increases in the hourly rate to be automatic, and that all a plaintiff needs to submit is evidence of the CPI. We have previously held, however, that reference to the CPI alone is insufficient to sustain a plaintiff's burden; a plaintiff must also submit evidence that the requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *see also Gay v. Comm'r of Soc. Sec.*, No. 13-2575, slip op. at 4-5 (6th Cir. Aug. 7, 2014) (explaining that evidence of rates should be localized to the district in which the attorney fee is sought). Further, in *Clark*—a case decided while this appeal was pending, and in which Olinsky's firm served as appellant's counsel—we considered and rejected the argument Caviness now raises. 2016 WL 7877326 at *3-*4. The district court therefore correctly determined that Caviness was not automatically entitled to an attorney fee rate of $185.01 per hour based on CPI alone.[2]

---

[2] Because this argument fails on the merits, we need not address the government's assertion that Caviness waived the argument by not developing it fully below.

But the district court failed to offer a meaningful explanation for its decision to deny Caviness's request for an attorney fee rate above the statutory cap of $125 per hour. The district court acknowledged that the state bar report provided "data revealing the hourly fees of Michigan attorneys in 2010 with comparable years of experience to Plaintiff's attorney," but did not explain why Caviness did not carry her burden in requesting an hourly rate higher than $125. In rejecting a higher hourly rate, the district court simply stated that Congress did not intend for courts to automatically grant higher attorney fees simply because of an increase in the cost of living. While this is true, the district court's failure to explain why "$125 per hour is sufficient" in this case was an abuse of discretion.

Although we have recently held that state bar reports provide evidence of reasonable hourly attorney rates, *Minor*, 826 F.3d at 833, a plaintiff must also provide evidence that an attorney fee rate above $125 per hour in her case is justified by the "kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). That is, the plaintiff bears the burden of demonstrating why a higher attorney fee is justified according to the facts of her case. We hold yet again that a plaintiff's submission of data alone is merely necessary, not sufficient, to meet her burden for higher attorney fee rate under the EAJA. If the plaintiff fails to provide such evidence that a higher hourly rate is justified in her case, a district court must say so in rejecting an attorney fee rate above $125 per hour. Our most recent published cases—*Minor* and *Clark*—support this holding, contrary to Caviness's argument. While the district court must give an adequate explanation for its calculation of an attorney fee rate, neither the statute nor our precedents require the district court to grant a higher hourly rate when presented solely with the CPI or a state bar report.

**III.**

We affirm the district court's ruling that the EAJA does not provide an automatic cost-of-living adjustment. But because the district court did not adequately explain its decision to award fees at a rate of $125 per hour, as opposed to $185.01 per hour or some other rate, we vacate its previous judgment and remand for further proceedings consistent with this opinion.