**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 20a0080n.06**
**No. 19-1556**

<table>
<tr><td colspan="2">

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

</td><td>

</td></tr>
</table>

| | | |
|---|---|---|
| BRIAN KRITCHER, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| PRUDENTIAL SECURITY, INC.; GREGORY | ) | DISTRICT OF MICHIGAN |
| WIER, | ) | |
| | ) | OPINION |
| Defendants-Appellants. | ) | |
| | ) | |

**BEFORE: SUHRHEINRICH, STRANCH, and NALBANDIAN, Circuit Judges.**

**JANE B. STRANCH, Circuit Judge.** Brian Kritcher and three other plaintiffs settled a claim for unpaid overtime wages under the Fair Labor Standards Act with Prudential Security, Inc. and its owner Gregory Wier.[1] The settlement left unresolved the amount of attorney's fees that Kritcher is entitled to as the prevailing party. Kritcher filed a motion for attorney's fees and costs in the district court. The district court considered the experience and expertise of the attorneys, the complexity of the case, and the specific circumstances of the case and reduced the proposed hourly rate and the number of hours billed. Prudential appeals the fee award, requesting further reductions. Because the district court did not abuse its discretion in granting the award with reductions, we **AFFIRM**.

---

[1] Hereinafter referred to collectively as Prudential.

## I. BACKGROUND

At issue on appeal is only the district court's award of attorney's fees at the end of two-and-one-half years of litigation that ultimately settled in favor of the plaintiffs. The relevant facts are briefly summarized below.

Brian Kritcher worked as a Security Guard for Prudential, was paid $11 per hour, but was never paid overtime. When Prudential denied his request for his unpaid overtime wages, he filed a complaint under the Fair Labor Standards Act (FLSA) on July 14, 2016. Kritcher was represented by lead counsel Bryan Yaldou of the Law Offices of Bryan Yaldou, PLLC, who was assisted by an associate in the firm. Prudential filed a countercomplaint against Kritcher, demanding $100,000, which was ultimately dismissed as part of the settlement. Kritcher sought to certify a class of plaintiffs; a contested process of various class certification motions in the district court resulted in three additional claimants joining the suit as plaintiffs in 2018.

In an email exchange on April 28, 2017, Yaldou made a settlement offer to Prudential that included a request for 75% of $52,920 in attorney's fees for work done to date. Prudential did not respond with a counteroffer but instead questioned the amount of attorney's fees, to which Yaldou responded, "It is possible that not all of the hours would be approved as reasonable and necessary, so I am willing to discuss a lower amount." Because Prudential did not respond, the litigation continued. On November 7, 2018, Yaldou emailed Prudential with another settlement offer, including a request for approximately $92,000 in fees and costs accrued to date. There is no evidence in the record that Prudential responded to this email or made any documented attempt to counter with a specific offer for settlement. Nor did Prudential make an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. The attorney's fees requested by Yaldou in the two emails were much larger than the fees he ultimately requested for the corresponding time periods in his later-filed petition for fees.

The parties reached a settlement of the case on January 23, 2019, settling all monetary claims of the plaintiffs. The plaintiffs received a total of $19,437.20, which included unpaid wages and liquidated damages, Prudential's countercomplaint was dismissed with prejudice, and the plaintiffs were named the prevailing party for purposes of attorney's fees and costs to be addressed separately by the district court.

Kritcher filed a motion for attorney's fees and costs that sought $71,111.50 in attorney's fees, billing at a rate of $400/hour for lead attorney Yaldou and $300/hour for his associate. The district court heard oral argument from both counsel on the motion, which included a number of factual disputes between counsel. The district court then addressed the legal considerations governing fee awards, including the FLSA provisions for fee-shifting, the outcome and complexity of the case, the amount of work done and risk taken by the attorneys, and the attorneys' experience and expertise; the court ordered a reduction of $100/hour in the hourly rates of both attorneys for Kritcher and reduced the total number of hours billed by 12%. The district court granted attorney's fees with the specified reductions and with costs as requested. Prudential appeals the calculation and argues that a larger reduction of fees is warranted.

## II. ANALYSIS

We review the district court's award of attorney's fees for abuse of discretion. *Hubbell v. FedEx SmartPost, Inc.*, 933 F.3d 558, 575 (6th Cir. 2019). We afford the award substantial deference "[i]n light of a district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.* (quoting *Wilson-Simmons v. Lake Cty. Sheriff's Dep't*, 207 F.3d 818, 823 (6th Cir. 2000)). We have found an abuse of discretion "where a district court fails to explain its reasoning adequately or to consider the competing arguments of the parties." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 883 (6th Cir. 2016) (quoting *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 643 (6th Cir. 2009)).

The FLSA provides a civil right of action for failure to pay employees in accordance with wage and hour requirements. When an employer is found in violation of the FLSA, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of attorney's fees under § 216(b) is mandatory. *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984).

There is no dispute in this case that Kritcher is entitled to attorney's fees; the question on appeal is whether the award is reasonable. *See Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007). A reasonable fee is "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). The *Gonter* court also noted, in finding attorney standing, not only the need to "attract competent representation" but the purpose of that representation—to secure "the ability to vindicate the goals" of the legislation at issue, here the FLSA. 510 F.3d at 615–16.

The starting point for the calculation of reasonable attorney's fees is the lodestar approach, in which the number of hours reasonably expended is multiplied by a reasonable hourly rate. *See Hubbell*, 933 F.3d at 575; *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). The district court may then adjust the lodestar figure to reflect case-specific considerations, the most important of which is the degree of success that the attorney obtained. *Hubbell*, 933 F.3d at 575. "The district court's calculation of the lodestar value, as well as any justifiable upward or downward departures, deserves substantial deference, but only when the court provides 'a clear

and concise explanation of its reasons for the fee award.'" *Gonter*, 510 F.3d at 616 (footnote omitted) (quoting *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)).

The district court provided a clear and concise explanation in the present case. It first considered the degree of success of the attorney and emphasized the positive outcome for Kritcher. It noted that the settlement required a great deal of work on the part of the attorneys and some risk. Then, accounting for the attorneys' experience and specialization in wage and hour matters and the complexity of the case, it ordered a reduction in the hourly rates by $100/hour for both Yaldou and his associate. For similar reasons, it "looked at certain entries that were done for research" and considered things that "the firm should have or could have known representing these types of clients." It then reduced the billed hours by 12%. Having considered the full record and the briefing and argument of counsel, the district court adjusted the fees downward as requested by Prudential.

These modifications and the explanation given support the district court's award of attorney's fees. Prudential seeks a more significant reduction in the lodestar, however, citing to cases from other circuits regarding consideration of substantial settlement offers in determining fees. It argues that Yaldou requested fees in two emails during litigation in excess of the actual amount incurred, without which the matter would likely have resolved quickly.

We have recognized that a district court may consider substantial settlement offers that are rejected in calculating fee awards as part of the "degree of success" in the litigation. *See McKelvey v. Sec'y of U.S. Army*, 768 F.3d 491, 495 (6th Cir. 2014). This is because "[i]n a case where a rejected settlement offer exceeds the ultimate recovery, the plaintiff—although technically the prevailing party—has not received any monetary benefits from the postoffer services of his attorney." *Marek v. Chesny*, 473 U.S. 1, 11 (1985). That is not the case here. The record contains

no offers of settlement from Prudential nor any offer of judgment under Rule 68. *See* Fed. R. Civ. P. 68. In fact, the settlement process initially involved disputes over whether Prudential would pay liquidated damages to the plaintiffs at all, and subsequently over the amounts of unpaid wages and liquidated damages.

The district court provided a clear and concise explanation of its reasons for the fee award. This explanation and the reduction it ordered in favor of Prudential suggest that the court considered Prudential's position and arguments and exercised its discretion to determine the extent of the reduction and set an appropriate fee. The district court's decision is entitled to substantial deference. We find no abuse of discretion in the district court's reasoned reduction to the lodestar or its setting of a reasonable fee.

## III.    CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order granting in part Plaintiff's motion for attorney fees and costs.