NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0363n.06

Case No. 24-3926

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

KEITH W. CANTER,

     Plaintiff - Appellant,

v.

ALKERMES BLUE CARE ELECT PREFERRED
PROVIDER PLAN,

     Defendant,

BLUE CROSS BLUE SHIELD OF
MASSACHUSETTS, INC.,

     Defendant - Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jul 23, 2025
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

OPINION

Before:  MOORE, GRIFFIN, and RITZ, Circuit Judges.

**RITZ, Circuit Judge.**  Keith Canter brought an insurance claim in federal district court and successfully obtained an administrative remand.  The district court granted Canter's motion for attorney's fees for his lawyer's work obtaining the remand.  But, in a second order, the court declined to award fees for post-remand litigation.  We affirm that order.

**BACKGROUND**

Keith Canter held an insurance policy provided by his employer, Alkermes, Inc., and administered by Blue Cross Blue Shield of Massachusetts, Inc. ("BCBSMA").  In 2015, Canter underwent back surgery, and he submitted two claims for $41,034 and $43,988.  BCBSMA denied coverage of both claims.  Canter filed suit under the Employee Retirement Income Security Act of

1974 ("ERISA"). *See* 29 U.S.C. §§ 1001 *et seq.* Canter's requested relief included payment of the denied claims, prejudgment interest, and attorney's fees and costs.

Canter succeeded. The district court remanded the case to BCBSMA to reconsider the benefits decision. After achieving remand, Canter moved for an award of attorney's fees, which BCBSMA opposed. BCBSMA then reversed its benefits decision and awarded Canter $85,022 to cover the two previously-denied claims. Next, Canter moved to reopen the case and filed a motion for judgment as a matter of law on the record. That motion included a request for prejudgment interest based on the delay in receiving his claimed funds.

A magistrate judge issued a report and recommendation ("R&R") addressing the collective motions. The R&R recommended that the district court deny Canter attorney's fees for work completed on the post-remand motion for judgment on the record because the work lacked legal merit. Canter opposed this part of the R&R, arguing that he had not sought fees for any post-remand work.

The district court adopted the R&R in part and rejected it in part. The court agreed that Canter had not sought post-remand fees, so it did not adopt that portion of the R&R. The court awarded Canter—who, remember, had already received payment from BCBSMA for the original claims—$15,267.01 in prejudgment interest, $622.75 in costs, and $204,771 in attorney's fees for work in obtaining the remand, for a total of $220,660.76.

Canter then filed a new motion for attorney's fees, seeking compensation for the work his lawyer performed after the administrative remand. The district court conducted a new fee analysis, considering only the work done after the remand, and denied post-remand fees. Canter now appeals from that order.

**ANALYSIS**

The district court did not abuse its discretion or otherwise err. First, the district court properly applied the factors from *Secretary of Department of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). Second, the district court did not err in assessing the scope of the work covered by Canter's motion for post-remand fees, or the extent of his success on the merits after the remand.

**I.      The district court's application of the *King* factors**

First, Canter disputes the district court's use of the discretionary *King* factors. *See* 775 F.2d at 669. An award of attorney's fees and costs in an ERISA action is left to the discretion of the district court. 29 U.S.C. § 1132(g)(1). In exercising this discretion, the court must first determine that a party has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). Following this determination, courts may consider the five *King* factors in deciding whether to award fees to a party who has achieved some success on the merits:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*King*, 775 F.2d at 669; *see Hardt*, 560 U.S. at 255 n.8. Here, the district court found that the second factor favored Canter, the fifth factor was neutral, and the remaining factors favored BCBSMA.

We review a district court's grant or denial of a fee award for an abuse of discretion. *Geier v. Sundquist*, 372 F.3d 784, 789 (6th Cir. 2004); *see also Trs. of Detroit Carpenters Fringe Benefit Funds v. Patrie Const. Co.*, 618 F. App'x 246, 257-58 (6th Cir. 2015) (applying this standard in an ERISA context). An abuse of discretion occurs when the district court "relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard."

*Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 882 (6th Cir. 2016) (quoting *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 497 (6th Cir. 2014)). We generally defer to a district court's determination of a fee award, given "the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Canter initially argues that the district court erred by over-relying on the *King* factors in general. True, a fee determination *need* only determine that a party has achieved "some degree of success on the merits." *Hardt*, 560 U.S. at 255. However, *Hardt* did not "foreclose the possibility that once a claimant has satisfied this requirement . . . a court may consider the five factors" adopted in *King*. *Id.* at 255 n.8; *see also Ciaramitaro v. Unum Life Ins. Co. of Am.*, 521 F. App'x 430, 437 (6th Cir. 2013). Accordingly, even though the district court was not required to undertake the *King* analysis, the fact that the court found it helpful to do so was not an error, much less an abuse of discretion.

The crux of Canter's concern with the district court order is the court's division of Canter's attorney's work into two categories for purposes of the *King* analysis. The district court wrote that Canter's attorney's work could be divided into "two categories: (1) work that contributed to Canter obtaining a remand[,]" and (2) post-remand work including motions for attorney's fees for remand, motions to reopen the case and for judgment as a matter of law on the record after remand, and objections to the R&R. RE 149, Second Op. and Order, PageID 3083. The court limited the scope of its fee analysis to the second category of work and proceeded to apply the *King* factors.

Canter himself requested this analytical framework. In the R&R addressing Canter's first motion for attorney's fees, the magistrate judge recommended denying attorney's fees for Canter's post-remand work because the arguments lacked merit. Canter challenged this part of the R&R as

speculative because, at that point, he had not yet sought an award of fees for the post-remand motions. The district judge agreed, writing that the question of the post-remand fees was not yet before the court. Thus, in its first award of attorney's fees, the district court considered only the attorney's work leading up to the administrative remand and conducted a *King* analysis on that record. Importantly, this was because Canter himself requested that the post-remand work be excluded from the analysis.

Canter now takes issue with the way the court divided the categories of work, arguing the district court had no basis to conduct a *King* analysis on the post-remand work in isolation. He argues that he is entitled to post-remand "fees for fees," and the court's re-balancing of the *King* factors erased his earlier success in obtaining administrative remand and subsequent entitlement to fees related to that remand. Essentially, Canter argues that his success on the merits of his underlying ERISA claim should entitle him to an award of fees on every motion he filed following that initial success, as these motions were necessary due to "fruit[s] of the poisonous tree." CA6 R. 18, Appellant Br., at 26 n.8.

We disagree. The district court has broad discretion in awarding attorney's fees. *Hoover v. Provident Life and Acc. Ins. Co.*, 290 F.3d 801, 809 (6th Cir. 2002). The *King* factors are a mechanism for "channeling" that discretion. *Hardt*, 560 U.S. at 255. Here, the record, built in large part by Canter himself, presented a clear division between the pre- and post-remand motions. It was reasonable for the district court to treat that division as meaningful. Further, the district court was under no obligation to undertake a *King* analysis at all. *See id.* Regardless, the court conducted a full and detailed *King* analysis that clearly outlined its reasons for distinguishing the post-remand work and declining to grant fees for that work. *See Hensley*, 461 U.S. at 437.

Undertaking an analysis that is more detailed than what is required is not, without more, an abuse of discretion.

Canter next argues that the district court did not properly consider that he was a prevailing party on his post-remand motions. True, the district court awarded Canter prejudgment interest. But Canter's success merely qualified him for attorney's fees subject to the court's discretion. Further, the district court never insinuated that Canter was unsuccessful. In fact, the district court reasoned that Canter had enough success to warrant the *King* analysis in the first place. *See Hardt*, 560 U.S. at 254-55 (treating the *King* analysis as optional after "some success on the merits" (citation omitted)).

Canter additionally contends that he is entitled to fees for litigating against BCBSMA to obtain his original fee award. So-called "fees for fees" may be recoverable. *Weisenberger v. Huecker*, 593 F.2d 49, 53-54 (6th Cir. 1979); *accord Ne. Ohio Coal. for the Homeless v. Sec'y of State of Ohio*, 695 F.3d 563, 574-75 (6th Cir. 2012). However, the district court was not required to separate out fees for this kind of work from the overall post-remand litigation, which extended beyond Canter's claim to fees for fees. Nor are we. After all, awards of attorney's fees seek to achieve "rough justice," not "auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). We decline to disturb the district court's reasoned analysis as to the appropriateness of attorney's fees for post-remand work in this case.

## II.     Alleged factual errors

Canter next contends that the district court erred in characterizing his post-remand work. Canter argues that we review the court's factual findings de novo, while BCBSMA argues that we give substantial deference to factual findings as to attorney's fees. We need not decide which standard of review applies because Canter's arguments fail either way.

First, Canter argues that the district court failed to consider the time he spent litigating BCBSMA's opposition to his motions for attorney's fees for pre-remand work (his "fees for fees"), as opposed to time spent litigating his other post-remand motions. Canter cites a passage from the district court's opinion stating that "the only questions Canter raised post-remand were whether he was entitled to interest under the Plan, prejudgment interest, or attorney's fees (for post-remand work)." RE 149, Second Op. and Order, PageID 3087-88.

Canter takes this quotation out of its clear context. The court below made this comment in analyzing a single *King* factor: whether Canter raised a significant legal question. By contrast, when the district court outlined the post-remand work it considered in conducting the second *King* analysis, the court included "work related to Canter's motion for attorney's fees for remand." RE 149, Second Op. and Order, PageID 3083. In this way, the district court folded the work related to "fees for fees" into its overall post-remand analysis.

Canter next disputes the district court's assessment that he achieved only limited success in obtaining his award of prejudgment interest. He argues that the court incorrectly believed that he did not argue for prejudgment interest under common law. But the district court properly contextualized Canter's success on the merits when analyzing the fifth *King* factor, "the relative merits of the parties' legal positions." *King*, 775 F.2d at 669. And, even crediting Canter's contention that he sought common-law prejudgment interest, his *relative* success under the fifth *King* factor was still highly limited. Canter sought interest at a high rate primarily under a theory governed by his plan agreement. He also sought prejudgment interest under equitable theories of unjust enrichment and restitution, which he characterized as the common law. In granting him prejudgment interest, the district court largely rejected these equitable arguments. Instead, the

court reasoned that Canter was entitled to prejudgment interest under a common-law right to compensation for the delay in payment.

The final award of $15,267.01 in prejudgment interest, moreover, was rooted in a rate far less than the 18% rate Canter sought. Despite ultimately receiving prejudgment interest, then, Canter's primary argument for a high interest rate under his plan was rejected, and the district court heavily reshaped his secondary arguments. So, the district court found this factor, the relative merit of the parties' arguments, to be neutral.

We, like the district court, do not dispute that Canter achieved some success in receiving prejudgment interest. But it made sense for the district court to weigh that success relative to the overall litigation. We thus agree that this factor does not favor Canter.

Finally, Canter argues that we should reject any argument that he violated the district court's standing order requiring him to periodically provide attorney's fee records to BCBSMA. The district court did not deny Canter's fee motion on this basis. BCBSMA does not ask us to affirm on this ground. Therefore, we do not consider the standing order here.

**CONCLUSION**

For these reasons, we affirm.