RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0288p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

BOBBY J. COURSEY,

*Plaintiff-Appellant,*

*v.*

No. 16-5336

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 1:15-cv-00005—H. Brent Brennenstuhl, Magistrate Judge.

Decided and Filed: December 14, 2016

Before: BOGGS, GILMAN, and DONALD, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:** Paul B. Eaglin, OLINSKY LAW GROUP, Syracuse, New York, for Appellant. Brian J. Alesia, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee.

———————————

**OPINION**

———————————

RONALD LEE GILMAN, Circuit Judge. Following the successful reversal of the Social Security Administration's denial of his Social Security benefits, Bobby J. Coursey sought attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Coursey requested an hourly rate of $185.18, which exceeds the EAJA's presumptive statutory cap of $125 per hour. The district court granted Coursey's request in part by allowing the rate of $140

1

per hour.  Coursey appeals, seeking the full requested rate.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

When Coursey's application for Social Security benefits was denied by the Social Security Administration, he sought judicial review of the Administration's decision in the district court.  The case was resolved when the court granted a joint motion to reverse the Administration's decision.  Judgment in favor of Coursey was entered in September 2015.

Coursey then filed a motion for attorney fees.  Although the EAJA sets the presumptive maximum hourly rate an attorney may recover at $125, *see* 28 U.S.C. § 2412(d)(2)(A), Coursey sought $185.18 per hour.  Coursey submitted the Bureau of Labor Statistics' Consumer Price Index (CPI) for the Midwest, which documents that the EAJA's statutory cap amount would, when adjusted for the cost of living in the Midwest in 2015, be the equivalent of $185.18.

The Commissioner opposed the motion on the ground that the evidence Coursey produced in support of his motion was insufficient to justify an increased hourly rate.  Citing this court's decision in *Bryant v. Commissioner of Social Security*, 578 F.3d 443 (6th Cir. 2009), the Commissioner argued that a party must put forward evidence that the requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" in order to obtain attorney fees in excess of the EAJA cap.  *Id.* at 450 (quoting *Blum v. Stetson*, 465 U.S. 886, 895 n.11 (1984)).  Coursey responded by citing to cases outside this circuit and referring to *Glenn v. Commissioner of Social Security*, 763 F.3d 494, 497 n.3 (6th Cir. 2014), in which this court commented that fees of $171.06 and $173.01 per hour requested by Coursey's counsel, Howard Olinsky, for work in 2012 and 2013, respectively, were "modest" and "reasonable."  *Id.*  The response included an affidavit by Olinsky that described his qualifications and stated his normal contingent hourly rate in Syracuse, New York.

In March 2016, the district court granted in part Coursey's motion for attorney fees.  The court concluded that the CPI and Olinsky's affidavit were insufficient to justify the requested hourly rate.  Ultimately, however, the court approved an award of $140 per hour, consistent with

other recent cases in that district awarding that amount for EAJA attorney-fee requests in Social Security cases.  This timely appeal followed.

## II.  ANALYSIS

### A.  Standard of review

We review a district court's award of attorney fees using the abuse-of-discretion standard.  *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 882 (6th Cir. 2016).  "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard."  *Glenn*, 763 F.3d at 497 (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

### B.  Attorney fees under the EAJA

The EAJA provides, in pertinent part, that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  "[F]ees and other expenses" are defined by the EAJA to include "reasonable attorney fees."  *Id.* § 2412(d)(2)(A).  The EAJA goes on to provide that

> [t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*  This court has held that, "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase."  *Bryant*, 578 F.3d at 450.

Coursey argues that the district court abused its discretion by conflating the prevailing market rate and cost-of-living adjustment (COLA) analyses. In particular, Coursey contends in his brief that

> [a] plain reading of the statute reveals that the "amount of fees awarded under this subsection" shall be the "prevailing market rate" so long as the 'prevailing market rate" does not exceed $125 per hour, in which case the statute caps the rate at $125 per hour. The statute then presents an exception, and that exception has absolutely nothing to do with the "prevailing market rate," because "the prevailing market rate" has already been established (whether below or above the statutory cap of $125 per hour).

(Internal citations omitted.)

According to Coursey, the EAJA does not permit a higher attorney's fee than $125 per hour, even if the prevailing market rate is higher than $125, unless either the COLA or a special factor justifies a higher fee. He consequently concludes that his submission of the CPI alone should have been sufficient to justify a higher fee because it shows an increase in the cost of living. Coursey refers to decisions from several other circuits to support this reading of the statute and emphasizes the Seventh Circuit's recent decision in *Sprinkle v. Colvin*, 777 F.3d 421 (7th Cir. 2015) (holding that the CPI alone is sufficient to establish an increase in the cost of living).

We have no disagreement with Coursey's interpretation of the statute. The statute clearly provides that attorney fees under the EAJA must be in line with the prevailing market rate, but cannot exceed $125 per hour unless either the increased cost of living or a special factor justifies a higher fee. Nonetheless, the district court did not abuse its discretion in awarding a fee above the statutory cap of $125 per hour but below Coursey's requested fee of $185.18 per hour.

This court requires a plaintiff seeking an attorney's fee of greater than $125 per hour to show by competent evidence both that the cost of living justifies a higher rate *and*, as the statute itself requires, that the fee is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Accordingly, this court has held that the CPI alone is insufficient to justify an attorney's fee higher than the $125 per hour statutory

cap. *Id.*; *Clark v. Comm'r of Soc. Sec.*, No. 16-5393, 2016 WL 6958640 (6th Cir. Nov. 29, 2016) (unpublished); *Sakhawati v. Lynch*, 839 F.3d 476, 481 (6th Cir. 2016). The CPI alone is insufficient because, although it addresses the cost-of-living factor to overcome the statutory cap, it does nothing to show whether the prevailing rate in the relevant community is higher than $125 per hour. As the Seventh Circuit has explained:

> While the CPI suffices as proof of an increase in the cost of living, claimants must still produce satisfactory evidence that the increase in the cost of living "justifies" the rate requested. So claimants must produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience.

*Sprinkle*, 777 F.3d at 428 (citation omitted).

In this case, Coursey established that the cost of living had, in fact, increased significantly. He did not, however, provide any evidence of what the prevailing market rate in the local community would have been—despite the statute's express requirement that the amount of fees awarded under the EAJA be "*based upon* prevailing market rates for the kind and quality of the services furnished . . . ." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). The affidavit that Coursey submitted, which addressed only his attorney's qualifications and normal contingent hourly rate in Syracuse, New York, is insufficient to establish a basis on which the district court could justify the requested rate in Bowling Green, Kentucky. *Id.*

Contrary to Coursey's argument that the district court conflated the prevailing market rate and COLA analyses, the court clearly distinguished the two requirements. And it correctly concluded that, to obtain an attorney-fee award in excess of the statutory cap, Coursey needed to submit evidence to support a finding of a change in the cost of living *and* evidence to support a finding that a fee above the $125-per-hour statutory cap was in line with prevailing rates in the community. Coursey submitted evidence on the first point, but no evidence on the second. The court accordingly did not abuse its discretion in denying his requested hourly rate.

Nor did the district court abuse its discretion when it awarded an attorney's fee based on $140 per hour. The court, giving "Coursey the benefit of the doubt," properly relied on evidence—in the form of judicial findings in previous cases—that the prevailing market rate for

similar services within its venue was $140 per hour. *See Neff v. Colvin*, No. 3:13-CV-638-CHL, 2015 WL 796604, at *4 (W.D. Ky. Feb. 25, 2015); *see also Clark*, 2016 WL 6958640.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.