**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0718n.06

Case No. 20-5519

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Dec 28, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| SARAH ANN COCHRAN, on behalf of Dennis Cochran, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| v. | ) ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| Defendant-Appellee. | ) ) | |

BEFORE: ROGERS, DONALD, and BUSH, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Plaintiff-Appellant Sarah Cochran's lawsuit against the Social Security Administration was remanded for further proceedings. Cochran subsequently petitioned for an award of attorney fees that represented an hourly rate that exceeded the statutory maximum pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The district court found that the evidence Cochran presented in support of her request did not demonstrate that an increased rate was warranted. For the reasons stated below, we AFFIRM the district court's judgment.

I.

Cochran sought review of the Commissioner of Social Security's denial of her deceased husband's disability insurance benefits, and consequently filed suit in the Eastern District of Kentucky. Months after she initiated the lawsuit, the Commissioner filed a motion to have the

case remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The district court granted the Commissioner's motion, and Cochran thereafter petitioned for attorney fees under the EAJA.[1]

Cochran alleged that she was eligible to recover $4,371.86, which constituted an award of $195.93 per hour—an upward adjustment from the EAJA's statutorily capped $125 per hour rate. *See* 28 U.S.C. § 2412(d)(2)(A). In support of her requested award, Cochran submitted an affidavit, contending that the district court should approve the enhanced per hour rate due to the cost of living increase in the Eastern District of Kentucky, as demonstrated by the Bureau of Labor Statistics' Consumer Price Index ("CPI") for the Midwest. Although the Commissioner did not object to Cochran's receiving attorney fees, the Commissioner did take issue with the reasonableness of the rate proposed by Cochran.

The district court granted Cochran's motion in part, ruling that Cochran was entitled to attorney fees, but only at the statutory maximum hourly rate. The district court determined that Cochran did not present sufficient evidence proving that it was justifiable to award her attorney fees that exceeded the EAJA's capped amount. Cochran's timely appeal followed.

II.

We review a district court's award of attorney fees for an abuse of discretion. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009). The Court will find that an abuse of discretion has occurred when the district court has "relie[d] on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard." *Coursey v. Comm'r of*

---

[1] The Commissioner does not challenge the district court's finding that Cochran was rightly permitted to seek attorney fees as a "prevailing party" under 28 U.S.C. § 2412(d)(1); therefore, the Court will not address the district court's determination as to that issue.

*Soc. Sec.*, 843 F.3d 1095, 1097 (6th Cir. 2016) (quoting *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 497 (6th Cir. 2014)).

According to the EAJA:

[A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The "fees and other expenses" mentioned in the EAJA include "*reasonable* attorney fees." *Id.* § 2412(d)(2)(A) (emphasis added). With regard to the reasonableness of attorney fees, the EAJA clarifies that the amount of fees is based on the *prevailing market rate*, and "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." *Id.* The burden is on the plaintiff to "produc[e] appropriate evidence to support the requested increase." *Bryant*, 578 F.3d at 450 (citing *Blum v. Stenson,* 465 U.S. 886, 898 (1984)).

Cochran argues that because one court in the Eastern District of Kentucky awarded attorney fees that were greater than $125 per hour, she has met her burden of proving that the district court abused its discretion by partly denying her motion for attorney fees. However, Cochran's assertion is misplaced, and the case she relies on, *Stephens v. Astrue*, No. 09-55-JBC, 2011 WL 2446451 (E.D. Ky. June 17, 2011), is distinguishable from her case for several reasons. In *Stephens*, the court reasoned that its decision to award attorney fees at a heightened rate was appropriate because the prevailing party submitted documents showing that in the market of *Cincinnati, Ohio*, the increased rate was "within the normal range for the Cincinnati community." *Id.* at *1. Cochran tries to convince the Court that the relevant market under the EAJA is the entire district court in

which a prevailing party files her complaint—which would make her case analogous to *Stephens*. But we do not define the relevant market in such an expansive manner.

When assessing the reasonableness of issued attorney fees, we evaluate the prevailing market rate in the prevailing party's *local community*. *See Coursey*, 843 F.3d at 1098. And as we have held in similar contexts, "the court should deem the 'relevant community' for fee purposes to constitute the legal community within that court's territorial jurisdiction; thus the 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the *venue of the court of record*." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (emphasis added). As the district court correctly noted, since Cochran brought her suit forward in the Eastern District of Kentucky's Central Division at Frankfort, Cochran's local community is therefore Frankfort, Kentucky. *See Clark v. Comm'r of Soc. Sec.*, 849 F.3d 647, 653 (6th Cir. 2016) (referring to Bowling Green, Kentucky as the prevailing party's local community—as opposed to the Western District of Kentucky—when performing the same analysis). Because Cochran's relevant market is Frankfort, not Cincinnati, *Stephens* is factually inapposite.

Moreover, if the Court were to adopt Cochran's argument that we should consider *all* decisions from the Eastern District of Kentucky in which a court increased rates of attorney fees, it still would not lead the Court to conclude that the district court abused its discretion. *Stephens* is the only case from the Eastern District of Kentucky that Cochran cites where a court found that an enhanced fee was warranted.[2] One case out of many hardly shows the prevailing market rate.

---

[2] Cochran recognizes that there are plenty of recent cases where courts in the Eastern District of Kentucky have rejected requests for attorney fees representing higher rates—making *Stephens* an outlier case, and only further confirming that there was no abuse of discretion by the district court in the present case. *See Lay v. Astrue*, No. 10-346-DLB, 2012 WL 5988822, at *5 (E.D. Ky. Nov. 29, 2012); *Hall v. Colvin*, No. 5:13-CV-20-JMH, 2015 WL 1585081, at *4 (E.D. Ky. Apr. 9, 2015); *Justice v. Colvin*, No. CIV.A. 5:14-286-DCR, 2015 WL 4529118, at *2 (E.D. Ky. July 27, 2015); *Taylor v. Berryhill*, No. 7:18-CV-071-JMH, 2019 WL 3068449, at *3 (E.D. Ky. July 12, 2019).

And, in *Stephens*, the prevailing party submitted a substantial amount of evidence to the court to indicate what the prevailing market rate in Cincinnati was at that time. *Stephens*, 2011 WL 2446451 at *1. In contrast, aside from offering *Stephens* itself, Cochran offered the district court only the CPI for the entire Midwest to consider as evidence to support her contention that the hourly rate in her prevailing market surpasses the statutory maximum. The evidence put forward by Cochran, by itself, could not justify an attorney fees award above the statutory cap. *See Coursey*, 843 F.3d at 1098 ("The CPI alone is insufficient because, although it addresses the cost-of-living factor to overcome the statutory cap, it does nothing to show whether the prevailing rate in the relevant community is higher than $125 per hour."). Therefore, even if the Court were to subscribe to Cochran's logic, it would be of no consequence to our analysis.

Cochran also makes two other arguments—neither of which is particularly persuasive. First, Cochran argues that the district court neglected to provide an explanation for disregarding the evidence that she set forth. As we clarified above, Cochran presented the district court with the CPI and the *Stephens* case to demonstrate that she was entitled to an award that was above the EAJA's maximum hourly rate. The district court specifically stated that this evidence was not sufficient for a finding that the rate in her community was greater than the statutory cap. *See id.* This argument therefore lacks merit. Second, Cochran contends that the district court relied on inapplicable law by citing *Paschal v. Flagstar Bank*, 297 F.3d 431 (6th Cir. 2002), because that case concerned attorney fees pursuant to the Fair Housing Act. However, the district court referred to *Paschal* only briefly, and pointedly for the proposition that attorney fees must be reasonable. Thus, this argument also fails.

### III.

For the foregoing reasons, we AFFIRM the district court's judgment.